UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

**PATRICIA CORBIN,** individually

    Plaintiff,

**v.**

**CREDIT PROTECTION ASSOCIATION, L.P.,** a Texas limited partnership and **EXPERIAN INFORMATION SOLUTIONS, INC.**, an Ohio corporation

    Defendants.

## COMPLAINT

COMES NOW, the Plaintiff, PATRICIA CORBIN, hereinafter "Plaintiff" by and through the undersigned counsel and hereby brings this action against Defendant, CREDIT PROTECTION ASSOCIATION, L.P., and Defendant, EXPERIAN INFORMATION SOLUTIONS, INC. hereinafter "Defendants", for actual and statutory damages for violations under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter the "FDCPA"), and the Fair Credit Reporting Act 15 U.S.C. §1681 *et seq*. (hereinafter "FCRA"), respectively, and in support thereof alleges as follows:

## JURISDICTION

1. Jurisdiction is conferred on this Court by Title 28 U.S.C. §1331 and §1337(a), 15 U.S.C. §1681 *et seq*., and §15 U.S.C. §1692k(d).

2. Declaratory relief is available pursuant to 28 U.S.C. §2201 and §2202.

## VENUE

3. Venue is proper in the United States District Court for the Southern District of Florida pursuant to 28 U.S.C. §1391, as the unlawful practices alleged herein took place in Broward County, Florida and the Defendants transacts business in Broward County, Florida and venue, therefore, properly lies in this Court.

## PARTIES

4. Plaintiff, Patricia Corbin is an individual residing in the County of Broward, State of Florida, and is a "consumer" as defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1692a(3).

5. Defendant, Credit Protection Association, L.P., is a Texas limited partnership, and has its principal place of business in Dallas, Texas where it engages the collection of consumer debts and is therefore defined as a "Debt Collector" pursuant to 15 U.S.C §1692a(6).

6. Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian") is a corporation incorporated under the laws of the State of Ohio authorized to do business in and regularly conducts business in the State of Florida and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681d to third parties.

## COUNT I
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 et seq.

7. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 6, herein.

8. The Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), was enacted in 1978 to eliminate abusive practices in the collection of consumer

debts, to promote fair debt collection and to provide consumers with an means for disputing and obtaining validation of debt information to ensure the information's accuracy.

9. Plaintiff, is alleged to have incurred a financial obligation to Comcast. Such financial obligation is a "debt" as defined by 15 U.S.C. §1691a(5).

10. On September 9, 2013, Plaintiff sent Defendant a dispute letter.

11. The letter was received by the Defendant.

12. Defendant violated §1692e(8) by communicating false information with third parties by failing to close the existence of Plaintiff's dispute with third parties.

13. The foregoing acts and omissions of Defendant constitute violations of the FDCPA.

14. As a result of Defendant's FDCPA violations, Plaintiff has suffered costs and expenses as well as actual damages and is thus entitled to an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorneys fees and costs pursuant to 15 U.S.C. §1692k(a)(3) from Defendant.

WHEREFORE, Plaintiff, prays that this Court enter judgment against the Defendant for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against Defendant, statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A), against Defendant, an award of costs of litigation and reasonable attorneys fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant, and other such relief in the discretion of this Court.

**COUNT II**
**VIOLATION OF THE FAIR CREDIT REPORING ACT**
**BY DEFENDANT EXPERIAN, 15 U.S.C. §1681e(b)**

15.     Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 6 herein.

16.     The Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA"), was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

17.     The FCRA, codified as 15 U.S.C. §1681a provides as follows:

(1)(a)  A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

(1)(b)  A person shall not furnish any information relating to a consumer to any consumer reporting agency if –
  (i)   the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and
  (ii)  the information is, in fact, inaccurate.

(2)     A person who –
  (A)   regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and
  (B)   has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

18.     On or about, November 6, 2013, the Plaintiff mailed a dispute letter, to the Defendant credit bureau EXPERIAN, in which Plaintiff notified the Defendant that the

information reporting on Plaintiff's credit report was inaccurate.

19. Plaintiff specifically disputed the account listed on Plaintiff's credit report reported by the Defendant and demanded its correction and/or removal.

20. Defendant, EXPERIAN received Plaintiff's dispute letter and upon information and belief, sent either a consumer dispute verification form and/or an electronic automated consumer dispute verification form to the furnisher.

21. However, despite having received a dispute letter from the Plaintiff, Defendant failed to properly conduct a reasonable investigation and make the corrections to the Plaintiff's credit profile as required by 15 U.S.C. §1681i.

22. As a result of this negligent and willful violation of §1681c(g), Plaintiff has suffered damages as a result of Defendant incorrectly reporting Plaintiff's credit worthiness, Plaintiff's impaired ability to rebuild Plaintiff's credit worthiness, Defendant misinforming third-parties as to the status of Plaintiff's account which is incorrect, inaccurate, misleading and/or false, Plaintiff's inability to obtain and benefit from new credit, damage to reputation, invasion of privacy, interference with Plaintiff's normal and usual activities, and Plaintiff's mental and emotional pain, anguish, frustration, humiliation, anxiety, fear, and embarrassment of credit denials.

23. As such, Defendant is liable to Plaintiff as promulgated by Congress in 15 U.S.C. §1681n which provides as follows:

> (a) In general. Any person who willfully fails to comply with any requirement imposed under this title with respect to any consumer is liable to that consumer in an amount equal to the sum of
> (1)   (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000; or
> (B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $1,000, whichever is

    greater;
- (2) such amount of punitive damages as the court may allow; and
- (3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

24. Defendant, EXPERIAN, violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

25. As a result of this conduct, action and inaction of EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

26. Defendant, EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined at the Court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

27. The Plaintiff is entitled to recover costs and attorney's fees from Defendant EXPERIAN, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORING ACT
## BY DEFENDANT EXPERIAN, 15 U.S.C. §1681i

28. Plaintiff re-alleges and incorporates the allegations contained in paragraphs 1 through 6 and 16 to 22 herein.

29. Defendant, EXPERIAN violated 15 U.S.C. §1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain

reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

30. As a result of this conduct, action and inaction of EXPERIAN, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

31. Defendant, EXPERIAN's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined at the Court pursuant to 15 U.S.C. §1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. §1681o.

32. The Plaintiff is entitled to recover costs and attorney's fees from Defendant, EXPERIAN, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and/or §1681o.

## JURY TRIAL DEMAND

33. Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED:  March 12, 2014

    MILITZOK & LEVY, P.A.
    *Attorneys for Plaintiff*
    The Yankee Clipper Law Center
    3230 Stirling Road, Suite 1
    Hollywood, Florida 33021
    (954) 727-8570 - Telephone
    (954) 241-6857 – Facsimile
    mjm@mllawfl.com

    By: /s/ Matthew J. Militzok
    MATTHEW J. MILITZOK, ESQ.
    Fla. Bar No.: 0153842